## Beard *against* Deitz.

A judgment against the husband of an heir at law is a lien against his life estate, and upon a sale made by the administrator of the ancestor of the whole estate, by virtue of the intestate laws, such judgment creditor is entitled to be paid the amount of his judgment, when the proceeds due and payable to such husband are sufficient for that purpose.

ERROR to the district court of *York* county.

*Peter Kline* died intestate seised of real estate, leaving issue several daughters, to one of whom *George Stoutzenberger* was married. After the death of *Peter Kline, George Beard,* the plaintiff, issued a *fieri facias* upon a judgment which he had previously obtained against *Stoutzenberger* and levied it upon all his interest in *Peter Kline's* real estate. *John,* one of the children of *Peter Kline,* then presented a petition to the orphan's court for a writ of partition and valuation of his father's estate, which was proceeded in to a sale of the said estate by the administrators. This suit was then brought by *Beard* against the administrator of *Kline,* to recover from him the amount of his judgment against *Stoutzenberger;* and it was admitted that the interest upon the share of *Stoutzenberger* in the hands of the defendant was sufficient to pay *Beard's* judgment if he were entitled to recover it. The court below, upon these facts, rendered a judgment for the defendant, which was assigned for error.

*Gardner* and *Lewis,* for plaintiff in error.
*Hambly,* contra.

The opinion of the Court was delivered by

ROGERS, J.—The judgment and levy were a lien on the life estate, which *Stoutzenberger* had in the land, in right of his wife *Catharine,* the daughter of *Kline.* And if the interest of *Stoutzenberger* had been sold by the sheriff on the execution, the creditors would have been entitled to the proceeds. But *Beard* was prevented from reaping the fruits of his judgment by the proceeding in the orphan's court, at the instance of one of the heirs of *Kline.* After the confirmation of sale, the creditors might have had the money brought into the court, and in the distribution of the fund they would have invested *Catharine's* share, the one seventh, the interest to be appropriated in satisfaction of the debt during the life of her husband; for unless this could be done, it would be in the power of the heirs to deprive creditors of their lien in all such cases. The property was sold by the administrator in pursuance of the order of the court, and is now in his hands for appropriation. It is not the case of a secret

[Beard v. Deitz.]

lien, for the lien is by force of the judgment and levy, which follow the money into the hands of the administrators, and of which he is bound to take notice. At all events, he has now notice before the money has been paid over. The case finds, that the interest which accrued on the wife's share, before her husband's death, was sufficient to pay the plaintiff's debt.

Judgment reversed, and judgment for the plaintiff.